Filed 3/29/21  P. v. Chavez CA4/2

See Concurring Opinion

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL RAY CHAVEZ,<br><br>    Defendant and Appellant. | E074718<br><br>(Super.Ct.No. CR46579)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Affirmed.

Joanna Rehm, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, and Arlene A. Sevidal and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 1996, petitioner Daniel Ray Chavez was convicted of (among other things) two counts of first degree murder, with special circumstances, on a felony-murder theory. In 2019, he filed a petition to be resentenced under the then-recently amended version of the felony-murder statute. (See § 1170.95.)[1] The trial court denied the petition; it ruled that the special circumstance findings conclusively established that he was not eligible for relief.

Petitioner contends that this was error. It will take the bulk of this opinion for us to explain exactly what the issue is and how it arose in this case. Its resolution, however, is simple. Under a recently published opinion of this court, the trial court's ruling was correct. Hence, we will affirm.

I

FACTUAL, PROCEDURAL, AND LEGAL DEVELOPMENTS[2]

A.    *The Tison Standard*.

Under *Tison v. Arizona* (1987) 481 U.S. 137 (*Tison*), a person found guilty of murder on a felony-murder theory cannot constitutionally be sentenced to death unless he or she either (1) was the actual killer, (2) intended to kill, or (3) was a major participant in the underlying felony and acted with reckless indifference to human life. (*Id*. at pp. 150, 158.)

---

[1]     This and all further statutory citations are to the Penal Code.

[2]     At petitioner's request, we have taken judicial notice of the record in his previous appeal.

In 1990, Proposition 115 amended section 190.2 so as to expressly incorporate this requirement of *Tison* and to make it applicable to life without the possibility of parole. (See now § 190.2, subds. (b), (c), (d).)

B.  *The Facts as Shown at Petitioner's Trial*.

We summarize the facts as stated in our previous opinion in petitioner's direct appeal.  (*People v. Chavez* (Aug. 5, 1998), E019849 [nonpub. opn.].)

One night in 1992, petitioner and three accomplices (Orlando Romero, Christopher Self, and Jose Munoz)[3] drove around looking for an opportunity to commit either a robbery or a carjacking.  Romero said he wanted to kill somebody and he expected that someone would die that night.

Spotting a parked car, they agreed to rob, but specifically not to kill, the occupants.  When they confronted the two occupants, only Romero and Munoz were armed.  However, petitioner held Munoz's gun while Munoz searched the car for loot. The victims (Timothy Jones and Joey Mans) were forced to lie on the ground.  Romero ordered petitioner to shoot Mans, but petitioner refused.  Romero then shot Mans himself. He had trouble chambering another round.  Jones seized the moment and ran away. Petitioner fired in Jones's direction, but by then, Jones had gone over the crest of a hill and out of sight.  Petitioner handed his firearm to Self.  Romero and Self followed Jones and caught up with him; Self killed him.

---

[3]  Petitioner was tried separately from his accomplices.  (See *People v. Romero and Self* (2015) 62 Cal.4th 1, 8-11.)

3

Meanwhile, petitioner got into the driver's seat of the group's car, because he wanted to leave. When Romero and Self got back, petitioner drove the group away. Later, he bragged that he thought he had hit Jones; however, the others knew that he had not. Petitioner also participated in subsequent robberies with the group.

C.      *Petitioner's Conviction and Appeal.*

At petitioner's trial, in 1996, the jury was instructed on the felony-murder rule.[4] It was also instructed, in accordance with *Tison*, that it could not find either special circumstance to be true unless petitioner either (1) was the actual killer, (2) intended to kill, or (3) was a major participant in the underlying felony and acted with reckless indifference to human life. (CALJIC No. 8.80.1.)

The jury found petitioner guilty of:

(1)  Two counts of first degree murder (§§ 187, subd. (a), 189, subd. (a)), with a multiple-murder special circumstance and a robbery-murder special circumstance (former § 190.2, subds. (a)(3), (a)(17)(i); see now § 190.2, subds. (a)(3), (a)(17)(A));

(2)  Kidnapping for robbery (§ 209, subd. (b)); and

(3)  Two counts of robbery (§ 211).

An armed principal enhancement was found true as to each count. (§ 12022, subd. (a)(1).) The trial court imposed a sentence (as subsequently amended) of two consecutive life terms, without the possibility of parole, plus six years.

---

[4]      It was instructed on the natural and probable consequences doctrine, but it was told that "[t]his instruction applies only to count III, kidnap for robbery."

In 1998, this court affirmed the judgment. We held that there was sufficient evidence that petitioner was a major participant in the underlying robbery and that he acted with reckless indifference to human life, so as to support the special circumstances.

We explained, in part: "[A] jury could reasonably have believed that defendant's decision to commit crimes with a group of armed criminals, having heard Romero say that he suspected one of the victims would die, and pointing a loaded firearm at the victims to force their compliance demonstrated a reckless indifference to the value of human life. Defendant told Romero that he would not shoot Mans, but did not do anything to prevent Romero from doing so. Likewise, while he did not hit Jones himself, by shooting over the hill in Jones's direction, defendant indicated his support to the 'course of action that Mr. Jones must be killed.' As the prosecutor stated in his closing argument, 'Whether [defendant] intended to hit [Jones] with his bullet or not, his action conveys, "We must stop him."'

"Defendant further indicated his support by handing Self [the firearm]. . . . [I]n the brag session that followed the shootings, defendant asserted that he had shot Jones and appeared proud to be implicated as a principal in a murder."

D.      *Banks* and *Clark*.

In 2015 and 2016, the California Supreme Court issued two opinions relating to the meaning of "major participant" and "reckless indifference to human life."

First, in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*), the evidence showed that defendant Matthews acted as the getaway driver in a planned armed robbery, which

turned into a murder when another participant shot a security guard.  (*Id*. at p. 795.)  Our Supreme Court held that, under *Tison*, this was insufficient evidence that he was a major participant (*Banks*, *supra*, at pp. 804-807) as well as insufficient evidence that he acted with reckless indifference to life.  (*Id*. at pp. 807-811.)  It disapproved cases holding that mere knowledge that one's accomplice in a robbery is armed is sufficient to establish reckless indifference to human life.  (*Id*. at p. 809, fn. 8.)

In 2016, in *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), the Supreme Court found insufficient evidence that the defendant acted with reckless indifference to human life.  (*Id*. at pp. 614-623.)  It specifically listed five factors that are potentially relevant to this inquiry.  First, "[a] defendant's *use* of a firearm, even if the defendant does not kill the victim or the evidence does not establish which armed robber killed the victim, can be significant to the analysis of reckless indifference to human life."  (*Id*. at p. 618.)  Second, a defendant's physical presence at the scene, while not absolutely required, is relevant, as is the failure to render aid to a victim.  (*Id*. at pp. 619-620.)  Third, the duration of the felony is relevant.  (*Id*. at pp. 620-621.)  Fourth, it is relevant whether the defendant knows that an accomplice has a propensity to violence, especially lethal violence.  (*Id*. at p. 621.)  Fifth, it is relevant, although not controlling, that the defendant took steps to minimize the risk to human life.  (*Id*. at pp. 621-622.)

E.    *Senate Bill No. 1437*.

In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437), effective January 1, 2019.  (Stats. 2018, ch. 1015, pp. 6673-6676.)  SB 1437,

6

among other things, amended section 189 so as to provide that the felony-murder rule (§ 189, subd. (a)) applies to a person only if:

"(1)  The person was the actual killer.

"(2)  The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.

"(3)  The person was a major participant in the underlying felony and acted with reckless indifference to human life . . . .

"[(4)  T]he victim is a peace officer who was killed while in the course of the peace officer's duties, where the defendant knew or reasonably should have known that the victim was a peace officer engaged in the performance of the peace officer's duties." (§ 189, subds. (e), (f).)

SB 1437 also enacted section 1170.95, which allows a person who has been convicted of first or second degree murder under a felony-murder theory, but who could no longer be so convicted under SB 1437, to petition to have the conviction vacated.  If the underlying felony was not charged, the conviction is reduced to the underlying felony, and the petitioner is resentenced.  (§ 1170.95, subd. (e).)  The petitioner also must be resentenced on any remaining counts.  (§ 1170.95, subd. (a).)

F.     *Petition for Resentencing.*

Petitioner promptly filed a petition, in propria persona, for resentencing under section 1170.95.  Counsel was appointed for him.  His counsel argued "the [p]etitioner

7

has made a prima facie showing that he[] is entitled to relief. It is necessary to conduct further investigation to determine what role, if any, petitioner played in the offense and for the court to examine if [p]etition[er] could be convicted under the law as amended today."

After hearing argument, the trial court denied the petition. It explained: "1170.95 was written so that people who have not had the finder of fact determine beyond a reasonable doubt that one of the definitions that allows a person to be convicted of first degree murder under the statue as written as of January 1, 2020, can have a finder of fact do precisely that.

"In this particular case, a finder of fact has passed on one of the definitions set forth in the Penal Code as it exists as of January 1, 2020.

"A Court of Appeals has said that . . . the proffer of facts given to the jury . . . supports their finding that the defendant was a substantial participant acting with reckless disregard.

"I believe that to be the law of this case."

II

THE EFFECT OF THE SPECIAL CIRCUMSTANCE FINDINGS

Petitioner contends that the trial court erred by ruling that the jury's true findings on the special circumstances conclusively established that he was not eligible for resentencing. He argues that *Banks* and *Clark* significantly narrowed the definition of

8

both "major participant" and "reckless indifference to human life," so that the jury's pre-*Banks* and *Clark* true findings do not establish that he comes within that definition.

Recently, however, in *People v. Jones* (2020) 56 Cal.App.5th 474 (*Jones*), review granted January 27, 2021, S265854, this court rejected an identical contention. (*Id*. at pp. 482-485.) We held that "*Banks* and *Clark* did not change the law," and therefore "[a] special circumstance finding renders [a petitioner] ineligible for relief under section 1170.95 as a matter of law." (*Id*. at pp. 480-481.)

We readily acknowledge that there is a split of authority on this point. (*Jones*, *supra*, 56 Cal.App.5th at pp. 482-483.) Unless and until the Supreme Court tells us otherwise, however, we adhere to our opinion in *Jones*. Even though review in *Jones* has been granted, it remains persuasive (Cal. Rules of Court, rule 8.1115(e)) in this court.[5]

As we suggested in *Jones* (*Jones*, *supra*, 56 Cal.App.5th at pp. 478-479, and cases cited), a person in petitioner's position is not wholly without a remedy. He or she can challenge prior special circumstance findings in a habeas proceeding. (See, e.g., *In re Scoggins* (2020) 9 Cal.5th 667, 676-683.) We express no opinion as to whether, in petitioner's case, there might be some procedural bar to such a proceeding at this point.

---

[5] Earlier, in *People v. Law* (2020) 48 Cal.App.5th 811, review granted July 8, 2020, S262490, we held: "[T]he trial court erred by concluding the special circumstance finding, on its own, rendered Law ineligible for relief [under section 1170.95] . . . ." (*Id*. at p. 825.) We follow *Jones*, rather than *Law*, because *Jones* is more recent. (*In re Lane* (1962) 58 Cal.2d 99, 105 ["It is an established rule of law that a later decision overrules prior decisions which conflict with it, whether such prior decisions are mentioned and commented upon or not."].)

III

DISPOSITION

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____
P. J.

I concur:

McKINSTER _____
J.

[*People v. Chavez*, E074718]

MENETREZ, J., Concurring.

I concur in the judgment for the reasons stated in the majority and concurring

opinions in *People v. Jones* (2020) 56 Cal.App.5th 474, review granted January 27, 2021,

S265854, with which I continue to agree.

MENETREZ _____

J.